**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 2, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RHONDA ROSE VOELKER,

Defendant-Appellant.

No. 10-8011

(D. of Wyo.)

(D.C. No. 2:09-CR-00140-ABJ-4)

**ORDER AND JUDGMENT**[*]

Before **HARTZ, ANDERSON**, and **TYMKOVICH**, Circuit Judges.[**]

After Rhonda Rose Voelker pleaded guilty to two counts related to a

conspiracy to possess and distribute methamphetamine, the district court

sentenced her to 135 months' imprisonment. Voelker's counsel has filed an

*Anders* brief stating the issues that could possibly be raised on appeal and

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

explaining why they have no merit. *See Anders v. California*, 386 U.S. 738 (1967).

We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. After thoroughly reviewing the record, we agree there are no meritorious issues to be raised on appeal. We therefore GRANT the motion to withdraw and DISMISS the appeal.

## I. BACKGROUND

Voelker chose to plead guilty to reduced charges pursuant to an agreement with the government. At the change-of-plea hearing, the district court explained to Voelker and her counsel what an element of a criminal offense is and described the elements of the charges facing her. Voelker then admitted the facts necessary for her guilty pleas.

With regard to a count of conspiracy to possess with intent to distribute and to distribute methamphetamine, her testimony disclosed (1) she participated in the drug conspiracy from early 2008 to early 2009; (2) she conspired to violate drug trafficking laws with Barry Keck, Andrew Roberson, and others; (3) she possessed or sold methamphetamine in excess of 50 grams as a part of the conspiracy; and (4) she participated knowingly and voluntarily.

With regard to a count of conspiracy to launder money, she admitted to receiving money from the unlawful sale of methamphetamine and wiring the money to Keck for the purchase of more illegal drugs.

At several points, when Voelker did not fully understand something the district court said, she asked for and received clarification. She also discussed the plea agreement with the court and confirmed she entered into it voluntarily, without being threatened or promised anything outside of the agreement. After Voelker pleaded guilty to both counts, the court determined she was competent to enter guilty pleas and she fully understood the consequences of doing so. The court also found her pleas to be knowing, voluntary, and supported by an independent basis in fact.

Voelker faced a statutory sentence of ten years to life for her first count and a civil penalty of not more than the value of the laundered money for her second count. The presentence investigation report (PSR) calculated her total offense level to be 33 and her criminal history category to be I. She qualified for the safety valve under United States Sentencing Guidelines (USSG) § 5C1.2 and for a three-level reduction for acceptance of responsibility under USSG § 3E1.1(a) and (b). The guidelines range for this calculation was 135–168 months.

Voelker's PSR initially contained a typographical error indicating a total offense level of 35, but this error was identified and corrected before sentencing. Relying on the revised PSR, the district court sentenced Voelker to 135 months' imprisonment, four years of supervised release, and an assessment of $200.[1]

_____

[1] Voelker received four years of supervised release for the first count and two years of supervised release for the second count, but these are to run

(continued...)

## II. DISCUSSION

Under *Anders*, 386 U.S. at 744, "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." Voelker's counsel avers (1) Voelker did not object to the PSR, (2) she made no objections during either the change-of-plea hearing or the sentencing hearing, (3) her guilty pleas were voluntary and knowing, and (4) her sentence was legally reasonable.

A thorough review of the record confirms these averments are correct. Voelker's guilty pleas were valid. They were made knowingly and voluntarily. And they were supported by fact. Voelker's sentence was lenient and well within statutory and guidelines ranges. In fact, she received the minimum amount of imprisonment under the guidelines range; she could have received an additional 33 months' imprisonment, an additional year of supervised release, and fines of up to $4.25 million. Sentences that are properly calculated under the guidelines are presumed to be reasonable, *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006), and nothing in the record rebuts that presumption.

---

[1](...continued)
concurrently.

### III.  CONCLUSION

After an independent review of the record, we agree that any potential issue to be raised on appeal would be "wholly frivolous."  *Anders*, 386 U.S. at 744.  We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge